IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL
CIRCUIT IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO.: 2020 CA-1839
DIVISION: K
JUDGE: MONICA J. BRASINGTON

FREDERICK EVANS,

    Plaintiff,

v.

MV TRANSPORTATION, INC., a Foreign
Profit Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, FREDERICK EVANS, by and through his undersigned attorney, hereby files his Amended Complaint and sues the Defendant, MV TRANSPORTATION, INC., and further states as follows:

1. That this is an action for damages in excess of Thirty Thousand ($30,000.00) dollars.

2. That the Plaintiff, FREDERICK EVANS ("Plaintiff"), was and is a resident of Alachua County, State of Florida.

3. On or about April 18, 2017, and at all times material, Defendant MV TRANSPORTATION, INC. ("Defendant"), was and is a foreign corporation with its principal address located at or near 2711 N. Haskell Ave., Dallas, Texas 75204, doing business in the City of Gainesville, Alachua County, State of Florida.

4. On or about April 18, 2017, Defendant owned the vehicle involved in the incident that forms the subject matter of this lawsuit.

EXHIBIT A

5. That at all times material hereto, the Defendant acted by and through its employees and agents.

6. That on April 18, 2017, the Defendant supplied transportation services to Plaintiff.

7. That on April 18, 2017, Defendant operated its vehicle in which Plaintiff was a passenger and parked in front of Plaintiff's home intending on disembarking Plaintiff from the Defendant's vehicle using a movable lift, which went up and down, to provide ingress and egress to its customers.

8. That at all times material hereto the Plaintiff was using a walker with the ability to be seated as he attempted to disembark the Defendant's vehicle, via a lift.

9. That Defendant instructed Plaintiff to stand on the lift holding his walker as he began descending to disembark Plaintiff from the vehicle.

10. That while the lift descended the employee of the Defendant grabbed an oxygen tank, being used by Plaintiff, and in so grabbing the tank either knocked into Plaintiff, or unbalanced the Plaintiff, causing the Plaintiff to fall off the lift.

11. That the Defendant owed a duty of care to Plaintiff to operate the lift so as to safely allow Plaintiff to disembark the Defendant's vehicle.

12. That Defendant breached its duty of care by failing to disembark the Plaintiff safely and causing the Plaintiff to fall from the Defendant's vehicle's lift; by failing to supervise Plaintiff's position on the lift; having Plaintiff sit while the lift was descending, preferably stabilizing the Plaintiff while the lift was descending; and Defendant's employee or agent should have placed himself near the Plaintiff to prevent the Plaintiff from falling off the lift.

13. That but for the negligent of the operation of the Defendant's lift this accident would not have occurred.

14. That as a direct and proximate result of the aforesaid negligence of Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical treatment. The Plaintiff was injured in and about his head, body, limbs and nervous system, to wit: permanently; by further reason whereof, Plaintiff has and will suffer pain and suffering, to wit: permanently; that he will in the future sustain loss by inability to follow the usual and ordinary course of recreation and social activities, to wit: permanently; that Plaintiff has and will in the future be required to spend large sums of monies for doctors care and other related medical care and treatment, to wit: permanently; that Plaintiff general health has been impaired, to wit: permanently.

**WHEREFORE**, Plaintiff, FREDERICK EVANS, demands judgment for damages, attorneys' fees, filing fees, pre-judgment and post-judgment interest, taxable costs against Defendant, MV TRANSPORTATION, INC. and all further relief under law and equity as a matter of right, to which the Court deems appropriate, just and proper.

### DEMAND FOR SPEEDY CIVIL JURY TRIAL DUE TO AGE/CONDITION

1. Plaintiff demands a trial by jury as to all issues so triable as a matter of right.

2. Plaintiff is over the age of sixty-five (65) and due to the combination of his age and current health and medical condition, demands a speedy trial with trial to occur no later than six (6) months pursuant to Florida rules and procedure (2020).

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically file and service through the Florida Court's E-Portal to: Chad E. Leeper, Esq. and Matthew P. Ouellette, Esq. of Wicker Smith O'Hara McCoy & Ford, P.A., *Attorneys for Defendant*, 6525 Third Street, Suite 309, Rockledge, FL 32955-5749 MELcrtpleadings@wickersmith.com this 30th day of November, 2020.

/s/ *Richard Perlini*
RICHARD PERLINI/FL Bar No. 201782
Email: rperlini@meldonlaw.com
JEFFREY L. MELDON/FL Bar No. 0138179
Email: jmeldon@meldonlaw.com
CAREY W. MELDON/FL Bar No. 0018494
Email: cmeldon@meldonlaw.com
MELDON LAW
703 N. Main Street, Suite A
Gainesville, FL 32601
Tele: 352.373.8000/Fax: 352.373.8400
akinser@meldonlaw.com (Paralegal)
*Counsel for Plaintiff*